UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMALL HEARTS DAYCARE, II, LLC, and WALTER COLEMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:09CV2132 HEA ) |
| KATHY QUICK, | ) ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order. Defendant opposes the Motion. A hearing was held on January 28, 2010, at which time the Court granted the Temporary Restraining Order for the following reasons.

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated their rights under the Fourteenth Amendment to the United States Constitution.

## Facts and Background

Plaintiff's Complaint sets out the following facts:[1]

---

[1] The recitation of the facts is set forth for the purposes of this Opinion, Memorandum and Order only and in no way relieves any of the parties of the necessary proof thereof in later proceedings.

Plaintiff Small Hearts Daycare II, LLC operates a daycare in the City of St. Louis, Missouri. Plaintiff Walter Coleman is the owner of the daycare. Defendant, Kathy Quick, is the Administrator of the Section for Child Care Regulation of the Department of Health and Senior Services (DHSS).

The daycare has been operating under a license which was issued and renewed on October 22, 2007 by DHSS. This license was effective until August 31, 2009. Prior to August 31, 2009, Plaintiffs applied for a renewal of the license. DHSS did not renew the license prior to August 31, 2009, rather, it sent Plaintiffs a notice of proposed denial of the license on October 8, 2009. The DHSS notice advised Plaintiffs that "[t]he denial of your license application is effective thirty-one (31) days from the date of this letter unless the decision is appealed…Please note that Section 210.211.1 RSMo (Supp. 2007), does not allow a facility to provide care for more than four (4) unrelated children without a license issued by DHSS/SCCR. Any care provided for more than four (4) unrelated children is in conflict with this section and subject to penalties as set forth in Section 210.245, RSMo (2000)."

Defendant sent copies of the aforementioned DHSS notice to several third-parties who were not involved in the license-renewal process, including the Department of Social Services (DSS), the Child and Adult Care Food Program (CACF) and the Department of Elementary and Secondary Education (DESE).

On October 30, 2009 Plaintiffs requested an administrative review hearing on the notice of proposed denial. No determination has been made regarding the proposed denial from the

Administrative Hearing Commission. Defendant acknowledged receipt of the request, but again advised Plaintiffs of the prohibition against providing care for more than four unrelated children. Defendant once again notified the third parties of the proposed denial.

Plaintiffs' license was temporarily extended so that the daycare could "wind down its business."

## Discussion

The court considers four factors in determining whether a preliminary injunction should issue: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits and (4) the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). The court balances the equitable nature of all four factors to determine whether a preliminary injunction is warranted. *Id.* at 113; see also *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1041 (8th Cir.2003). The party seeking injunctive relief bears the burden of proving the *Dataphase* factors. *CDI Energy Services v. West River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir.2009).

**Threat of Irreparable Harm**

Irreparable harm must be certain and imminent such that there is a clear and

present need for equitable relief. *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir.1996). Furthermore, the remedy at law must be inadequate. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir.2009). An irreparable injury is an injury "of such a nature that money damages alone do not provide adequate relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir.2008). "[T]he absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction." *Guy Carpenter & Co. v. John B. Collins Associates, Inc.*, 179 F.App'x 982, 983 (8th Cir.2006) (quoting *Dataphase*, 640 F.2d at 114 n. 9) see also, *General Motors Corp.*, 563F.3d at 320. Plaintiff has established the threat of irreparable harm. Plaintiffs stand to lose the daycare, a going concern. Standing alone, this fact would not satisfy the first *Dataphase* factor, however, coupled with the fact that Plaintiffs' reputation is impinged by the notification to third parties, and the threat of criminal penalties, Plaintiffs' irreparable harm is evident. Most importantly, the actions alleged to have been taken with respect to Plaintiff cut through the very essence and existence of our civilized society. Guaranteed by the Constitution of the United States are those fundamental and inalienable rights which ensure that the civilized society in which we live will not be abrogated. Among those rights are right to not suffer any deprivation of property without due process of law. The law provides, in this instance, that Plaintiffs are entitled to an

administrative review.  That review has yet to occur, however, Defendant's letters to third parties, much like an edict of the Crown, have, in effect, deprived Plaintiffs of their property.  Plaintiffs have yet to have a hearing, and have yet to have a determination of any shortcomings with respect to the daycare. The license has expired and they have been told they cannot operate the daycare.  Clearly, these actions have deprived Plaintiffs of their property without due process, without an opportunity to be heard.  A procedure which allows a hearing, but implements the penalties prior to the hearing is a farce and a nullity.  This factor weighs heavily in favor of issuance.

**Balance of Harms**

Under the second *Dataphase* factor, the Court considers whether any irreparable harm to the movant outweighs any potential harm to the nonmovants should the injunction issue.  See *Dataphase*, 640 F.2d at 114.  The Court agrees with Plaintiffs that the continued operation of the daycare pending the hearing causes Defendant no harm.  There have been no allegations of any harm or threat to any children at the daycare.  Moreover, Plaintiffs welcome the continued checks of the daycare in order to ensure the safety of the children present continues.  This factor weighs strongly in favor of  issuance of a restraining order.

**Likelihood of Success on the Merits**

The court next considers the "most significant" *Dataphase* factor: likelihood that the movant will prevail on the merits. *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir.1992). At this stage in the proceeding, the court does not decide whether the movant will ultimately win, nor must the movant prove a greater-than-fifty-percent likelihood of success. See *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir.1991); *Dataphase*, 640 F.2d at 113.

Plaintiff seeks an Injunction against Defendant during the pendency of the administrative proceeding. As discussed above, a hearing on the merits of the proposed denial of the license falls within those fundamental rights which mandate that every citizen is entitled to due process of law. Rhetorically, one would wonder what would be the point of a hearing at this stage since Plaintiffs' license has expired. What could be gained from a hearing subsequent to the expiration of the license and the notification of the agencies placing children at the daycare that Small Hearts is not licensed. An administrative hearing without the requested injunctive relief is a mockery of the meaning of due process. This factor weighs in favor of relief.

**Public Interest**

There is clearly a public interest in advancing public safety and protecting the welfare of children. This factor, however is not at issue. There have been no

allegations that any child is at risk. While Defendant attempts to argue that the reason for the proposed denial is the welfare of the children at the daycare, the record establishes that the issues underlying the proposed denial relate tissues other than the physical safety of the children. On the other hand, there is compelling public interest in safeguarding rights so deeply rooted in a free society which every American proudly cherishes. Indeed, it is because of these rights that this American nation is distinguished from other nations. It is because of the right to be free from the denial of property without due process of law that we thrive and prosper. This factor weighs in favor of issuance.

## Conclusion

Based upon a balancing of the four *Dataphase* factors, the Court determines that a temporary restraining order is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, [Doc. No. 2], is granted.

**IT IS FURTHER ORDERED** that the Missouri Department of Health and Senior Services and Kathy Quick and their agents, servants, employees, and representatives are hereby enjoined and restrained from communicating orally or in writing that Small Hearts Daycare II, LLC is operating without a license or that

Walter Coleman is operating Small Hearts Daycare II, LLC without a license, except where such communication is required by law.

**IT IS FURTHER ORDERED** that the Missouri Department of Health and Senior Services and Kathy Quick shall, **not later than Tuesday, February 2, 2010**, mail or otherwise provide a copy of this Order to each of the individuals, agencies and other entities whom they previously informed of the denial of Plaintiffs' application for renewal of child care license.

**IT IS FURTHER ORDERED** that Plaintiffs shall be allowed to continue to operate as a licensed child-care facility during the pendency of all administrative proceedings involving the renewal of Plaintiffs' child-care facility license issued on October 22, 2007.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until February 8, 2010, unless extended by the Court or by agreement of the parties.

Entered at 11.55 a.m. this 1st day of February, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE