UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMALL HEARTS DAYCARE CENTER II, LLC & WALTER COLEMAN, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 4:09CV2132 HEA |
| KATHY QUICK, et al., | ) ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Small Hearts Daycare Center II ("Small Hearts"), LLC and Walter Coleman's (collectively, "Plaintiffs") Motion for Interim Attorney's Fees Against Kathy Quick in her Official Capacity [ECF No. 44]. Defendant Kathy Quick opposes the motion [ECF No. 64].

**Background**

On December 31, 2009, Plaintiffs filed this action and moved for a Temporary Restraining Order, to which Defendants opposed. The Court held a hearing on this matter on January 28, 2010, and concluded that Plaintiffs were entitled to a temporary restraining order. *See* ECF No. 24. Plaintiffs brought this lawsuit seeking permanent injunctive relief against Defendant. Plaintiffs allege that (i) it possessed a right to a constitutionally-protected right to a pre-deprivation hearing under § 210.245.2 RSMo–a disciplinary statute for Missouri licensed day cares, (ii) defendant Kathy Quick knew of that

constitutionally-protected right because she expressly notified Small Hearts of that hearing right, and (iii) Quick closed Small Hearts before the requisite hearing occurred and thereby deprived Small Hearts of its constitutionally-protected right. On February 5, 2010, the parties filed a consent motion to enter a proposed preliminary injunction [ECF No.29], which the Court granted on February 8, 2010 [ECF No. 30]. Since that time, all corresponding state administrative matters have concluded.

## Discussion

Section 1988 of Title 42 provides for the payment of attorney's fees to prevailing parties in § 1983 cases.  42 U.S.C. § 1988(b); *Jensen v. Clarke,* 94 F.3d 1191, 1203 (8th Cir. 1996).  Section 1988(b) provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs. . . .

42 U.S.C. § 1988(b).

The initial question regarding the propriety of awarding attorney's fees in a case such as this is whether Plaintiffs can be considered the "prevailing party." *Casey v. City of Cabool, Mo.,* 12 F.3d 799, 804 (8th Cir. 1993).  "The touchstone of the prevailing party inquiry," the Supreme Court has recently affirmed, is "the material alteration of the legal relationship of the parties...." *Sole v. Wyner,* 551 U .S. 74, 82 (2007) (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 792-93 (1989)). Plaintiffs contend that they should be deemed a prevailing party in light of the February 1,

2010 TRO [ECF No. 24]. Generally, a plaintiff "who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." *Sole,* 551 U.S.at 86 (2007). The Eighth Circuit explored this issue further in *Northern Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1086 (8th Cir.2006) and held that the grant of a mere preliminary injunction can confer prevailing party such as where "it alters the course of a pending administrative proceeding and the party's claim a for [sic] permanent injunction is rendered moot by the impact of the preliminary injunction." *Id.* at 1086.

The present case, however, has not yet been "ultimately decided against" either party, as was the case in *Sole*. And the request for a permanent injunction has not been "rendered moot by the impact of the preliminary injunction" as was the case in *Northern Cheyenne*. Instead, the preliminary injunction that the Court issued on February 1, 2010, was issued for the purposes of maintaining the status quo–i.e. allowing Plaintiff to operate its daycare until disposition of the case. A preliminary injunction granting temporary relief that merely maintains the status quo does not confer prevailing party status. *Northern Cheyenne Tribe,* 433 F.3d 1086-1087.

In a recent United States District Court - Western District of Missouri case, *Doe v. Crane*, 2010 WL 3927822 (W.D.Mo., 2010), the Western District deemed Plaintiff Doe a prevailing party where (1) an initial TRO was granted in his favor; and (2) an order was issued which deemed the case as moot. The District Court opined "[u]nlike in *Sole*, where

3

the plaintiff '[won] a battle but los[t] the war,' here Plaintiff won a battle and won the war." *Id.* at *6. In this case, it could be said that Plaintiff won a battle by obtaining preliminary injunctive relief, however, the war is not yet over. As such, Plaintiffs' Motion for Interim Attorney Fees is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Small Hearts Daycare Center II, LLC and Walter Coleman's Motion for Interim Attorney's Fees Against Kathy Quick in her Official Capacity [ECF No. 44] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Argument on Pending Motion for Interim Attorney's Fees Against Kathy Quick in Her Official Capacity [ECF No. 121] is **DENIED** as moot.

Dated this 9th day of February, 2012.

    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE