# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SMALL HEARTS DAYCARE CENTER II, LLC & WALTER COLEMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09CV2132 HEA |
| KATHY QUICK, et al., | ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Kathy Quick's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 90].  For the reasons set forth below, the motion will be denied.

## Background

Plaintiffs bring this action under 42 U.S.C. § 1983, alleging violations of their right to procedural due process under the Fourteenth Amendment to the Constitution of the United States.  Plaintiffs operate a daycare center.  Plaintiffs received the proper state license to run the center in 2007.  In 2009, plaintiffs filed an application for renewal of the license.  Before receiving an official response to the application, Quick ordered plaintiffs to stop providing care for more than four unrelated children, and Quick told plaintiffs that if they continued to provide care

to more than four unrelated children, they would be subject to criminal penalties. After ordering plaintiffs to reduce their business, Quick informed third parties that plaintiffs' license had expired. At this point, plaintiffs had not received any formal hearing on the matter. Plaintiffs argue that Quick failed to conform to the relevant state statutes governing administrative review of the disruption or modification of the use and enjoyment of daycare licenses. Plaintiffs further argue that Quick's actions violated their right to procedural due process under the Constitution because they were entitled to a pre-deprivation hearing under Missouri law. And plaintiffs maintain that defendants tortiously interfered with their business in violation of Missouri law.

After this case was filed, plaintiff Small Hearts Daycare Center, LLC, ("Small Hearts") entered into an agreement with the Missouri Department of Health and Senior Services, Section for Child Care Regulation ("DHSS") to renew the license to operate the daycare center, with Small Hearts to serve a probationary period of six months.

Defendant moves to dismiss the action on the grounds that the settlement with DHSS mooted this action, that the Court should abstain from hearing this action under the Pullman, Younger, and Rooker-Feldman doctrines, that the

Eleventh Amendment bars official capacity claims, and that she is entitled to qualified immunity.

## Standard

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).

> [A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

*Id.* (quotations and citation omitted).

## Discussion

1. **Mootness**

Defendant argues that the settlement of the state administrative case moots the instant lawsuit because there is nothing left to adjudicate. The Court disagrees. Plaintiff is suing defendant for compensatory damages relating to the notices she sent to third parties and for the alleged deprivations of her right to due

process. And plaintiff seeks injunctive relief in the form of a permanent injunction prohibiting defendant from denying hearings to daycare owners. These matters were not adjudicated in the settlement between Small Hearts and DHHS. As a result, defendant's argument fails.

    2.    **Abstention Doctrines**

Defendant argues that the Court should abstain from adjudicating plaintiffs' claims pursuant to the Pullman, Younger, and Rooker-Feldman doctrines. Defendant filed a "notice of supplemental authority in support of [her] motion to dismiss" on September 28, 2011. The filing is somewhat surprising because the "supplemental authority" is a case from this Court finding, in part, that the abstention doctrines did not apply in circumstances very similar to this case. *See T.Y.B.E. Learning Center v. Hon. Joseph Bindbeutel*, 4:09CV1463 CEJ, 2011 WL 2898496 (E.D. Mo. July 19, 2011). The Court finds the reasoning in *T.Y.B.E. Learning Center* on this issue to be persuasive.

    a.    *Pullman Doctrine*

The Pullman abstention doctrine requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly

susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations.  *Beavers v. Arkansas State Bd. of Dental Examiners*, 151 F.3d 838, 840–41 (8th Cir.1998).

> Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . . The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain.

*Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 511 (1972) (quoting *Harman v. Forssenius*, 380 U.S. 528, 534 (1965)) (alterations in original).

Defendant has failed to identify a state law that is unclear, susceptible to an interpretation that would avoid any federal constitutional question.  As a result, the Pullman doctrine is inapplicable.

      b.     ***Younger Doctrine***

The Younger abstention doctrine[1] provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate

---

[1] *See Younger v. Harris,* 401 U.S. 37 (1971).

opportunity to raise any relevant federal questions in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Even if these three requirements are met, a federal court should not abstain if there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir.2010) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Plaintiffs did not have an opportunity to raise their federal claims in the administrative proceedings with the DHHS. As a result, the Younger doctrine does not apply.

      c.    ***Rooker-Feldman Doctrine***

The Rooker–Feldman doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions. *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337, 340 (8th Cir.2004) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). However, the Rooker–Feldman doctrine is concerned only with state court determinations and presents no jurisdictional obstacle to judicial review of executive actions, including decisions made by state administrative agencies. *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 900

(7th Cir.2010) (citing *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 644 n. 3 (2002)).  Many litigants who lose in state administrative proceedings seek relief in federal district court under civil rights legislation such as 42 U.S.C. § 1983, and they generally do not have to exhaust administrative remedies before pursuing such claims.  *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir.2000) ( citing *Van Harken v. Chicago*, 103 F.3d 1346, 1349 (7th Cir.1997) and *Porter v. Nussle,* 534 U.S. 516, 523 (2002)) (internal quotations omitted).  Plaintiffs' claims against defendants do not involve state court judicial decisions, and thus, the Rooker–Feldman doctrine is inapplicable.

   3.   **Official Capacity Claims**

Defendant argues that plaintiffs' claims against her in her official capacity are barred by the Eleventh Amendment.  However, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law."  *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  As a result, plaintiffs' official capacity claims will not be dismissed.

   4.   **Qualified Immunity**

Defendant argues that she is entitled to qualified immunity because "there exists no constitutional right to be free from Missouri's daycare licensure

7

requirements." However, plaintiff has brought no such claim. Plaintiffs allege that defendant violated their due process rights by failing to follow Missouri law. As a result, defendant has failed to demonstrate that she is entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kathy Quick's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 90] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Strike [ECF No. 120] is **DENIED**.

Dated this 30th day of March, 2012.

 

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE