UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SMALL HEARTS DAYCARE )
CENTER II, LLC and WALTER )
COLEMAN )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:09CV2132 HEA
 )
KATHY QUICK, )
 )
    Defendant. )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration, [Doc. No. 191]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

On January 16, 2014, this Court granted Defendant's Motion for Summary Judgment. Judgement was entered in favor of Defendant and against Plaintiffs. Plaintiffs' Motion for Attorney's Fees was likewise denied by this Court's Opinion, Memorandum and Order entered on May 8, 2014. In this Opinion, the Court detailed its reasoning for denying Plaintiffs' Motion for Attorney's fees.

The Court has previously addressed Plaintiffs' request for fees:

    The initial question regarding the propriety of awarding attorney's fees in a case such as this is whether Plaintiffs can be considered the "prevailing party." *Casey v. City of Cabool, Mo.,* 12

F.3d 799, 804 (8th Cir. 1993). "The touchstone of the prevailing party inquiry," the Supreme Court has recently affirmed, is "the material alteration of the legal relationship of the parties...." *Sole v. Wyner,* 551 U.S. 74, 82 (2007) (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 792-93 (1989)). Plaintiffs contend that they should be deemed a prevailing party in light of the February 1,2010 TRO [ECF No. 24]. Generally, a plaintiff "who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." *Sole,* 551 U.S. at 86 (2007). The Eighth Circuit explored this issue further in *Northern Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1086 (8th Cir.2006) and held that the grant of a mere preliminary injunction can confer prevailing party such as where "it alters the course of a pending administrative proceeding and the party's claim a for [sic] permanent injunction is rendered moot by the impact of the preliminary injunction." *Id.* at 1086.

The merits of this case have been decided against Plaintiffs. They are not prevailing parties under the statute. They are not, therefore, entitled to attorney's fees.

Plaintiffs' new Motion for Reconsideration argues, some five plus months after the judgment, that the Court erred in granting summary judgment for Defendant. To the contrary, the Court's ruling was guided by the Eighth Circuit Court of Appeals' decision in *Austell v. Springer*, 690 F.3d 929 (8th Cir. 2012). Plaintiffs argument otherwise is without merit. Plaintiffs did not seek reconsideration at the time of the judgment, nor did they appeal entry of judgment against them.

As to Plaintiff's request for reconsideration of the denial of an award of attorney's fees, the Court is unpersuaded that they are entitled to attorney's fees

even though judgment was entered in favor of Defendant under a qualified immunity theory. Plaintiffs did not prevail on the merits, and are therefore not entitled to an award of attorney's fees

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration, [Doc. No.191], is denied.

Dated this 18th day of November, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE